UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.G., a minor by Aaron Goulding his guardian,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No.: 22-cv-01605-AJB-MSB<br><br>**ORDER:**<br><br>**GRANTING PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT,**<br><br>**REMANDING THE ACTION TO STATE COURT, and**<br><br>**DENYING AS MOOT ALL PENDING MOTIONS**<br><br>**(Doc. Nos. 5, 17)** |

**I.    BACKGROUND**

This is a civil action brought by Plaintiff J.G. against Defendants San Diego Unified District and members of its staff, seeking various forms of relief based on Plaintiff's time at Torrey Pines Elementary School. (Doc. No. 1-2.) Plaintiff filed his Complaint in the San Diego Superior Court. (*Id.*) The Complaint lists eight causes of action, two of which specifically reference federal statutes. (*Id.* at 1, 20–25.) Defendants removed the action based on federal question jurisdiction. (Doc. No. 1.)

Before the Court is Plaintiff's motion to remand for lack of subject matter jurisdiction and Defendant's motion to dismiss for failure to state a claim. The motions are fully briefed. In his moving papers, Plaintiff requests leave to dismiss the federal claims from his Complaint. As more fully set forth below, the Court grants Plaintiff leave to amend, declines to exercise supplemental jurisdiction over the remaining state claims, remands the action to state court, and denies as moot all pending motions.

## II.   DISCUSSION

To begin, the Court finds that at the time of removal, it had original jurisdiction over this case. The removal statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a), (b); 28 U.S.C. §§ 1331, 1332(a). The presence of federal-question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, Plaintiff's Complaint makes apparent that his fifth and sixth causes of action present federal questions because in pleading those claims, he invokes the following federal statutes: 20 U.S.C. § 1400 et seq., the Individuals with Disabilities Education Act ("IDEA"); and 42 U.S.C. § 1983, the civil action provision for deprivation of rights, respectively. (Doc. Nos. 1-2 at 1, 20–25.) As the Complaint presents claims arising out of federal law, the Court had, at the time of removal, federal question jurisdiction over the action.

Plaintiff, however, has since requested leave to amend his Complaint to dismiss his IDEA and Section 1983 claims. (Doc. No. 21 at 7 ("Plaintiff seeks leave to amend to dismiss the cause of action for Violation of FAPE as moot, and to amend the Violation of Civil Rights to exclude federal claims"). According to Plaintiff, he seeks dismissal of his IDEA claim because he has since moved schools and obtained an Individualized Education Plan evaluation, thereby obviating the need to pursue this claim. (*Id.* at 8–9.) Plaintiff also

1 no longer wants to pursue his Section 1983 claims and "seeks leave to amend the sixth
2 cause of action for violation of civil rights based only on the California Constitution and
3 statutes already stated in the Complaint." (*Id.* at 10–11.)

Whether leave to amend a pleading should be granted is governed by Federal Rules of Civil Procedure 15, which provides that courts should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that this policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal citations omitted). Courts consider the following factors in determining whether to grant leave to amend: (1) whether the party seeking the amendment has acted in bad faith; (2) whether undue delay will result from amendment; (3) whether the opposing party will be unduly prejudiced; and (4) whether amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). Additionally, courts may also consider whether the party seeking leave to amend has previously amended the pleading at issue. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). These factors, however, are not weighed equally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2013). Instead, the consideration of undue prejudice to the opposing party carries the greatest weight. *Id.* "Absent prejudice, or a strong showing" of the remaining factors, there exists a "presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

Here, the Court finds: (1) this matter is in its infancy, (2) Plaintiff has not previously sought leave to amend, (3) Plaintiff does not appear to have acted in bad faith, (4) amendment would not be futile, and (5) granting leave to amend is unlikely to prejudice Defendants. *See Foman*, 371 U.S. at 182. Defendants have not disputed otherwise. Moreover, there being no showing of prejudice or a strong showing of the other factors, the Court adheres to the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052. Thus, the Court grants Plaintiff leave to amend his Complaint.

//

### III.   CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's request to amend his Complaint and **HEREBY STRIKES** the fifth cause of action pursuant to the IDEA and sixth cause of action pursuant to Section 1983. Having dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction."). Accordingly, the Court directs the Clerk of Court to remand this action to San Diego Superior Court and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated:  April 28, 2023

Hon. Anthony J. Battaglia
United States District Judge